## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| SHAVON TYVELL BOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-644 TLS |
| | ) | |
| OLYMPIA JONES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Shavon Tyvell Boyd, a pro se prisoner, filed a Complaint [ECF No. 1] against three defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and internal citations omitted). However, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Boyd alleges that the Defendants prevented him from filing a notice of appeal in a case filed in this Court, under cause number 3:15-CV-82-RM. He argues that as a result, he was irreparably harmed because the time for filing an appeal has now expired. To state a claim for a denial of access to the courts, a prisoner must allege that "state action hindered his or her efforts to pursue a nonfrivolous legal claim and that the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). If the Defendants had prevented Boyd from ever being able to litigate a nonfrivolous appeal, that would state a claim. However, that is not what happened here. In cause number 3:15-CV-82-RM, the order that Boyd wanted to appeal

granted in part and denied in part a motion for summary judgment. The order did not result in the entry of a final judgment. *Guillemard-Ginorio v. Contreras-Gomez*, 490 F.3d 31, 37 n.4 (1st Cir. 2007) (stating that a partial summary judgment order is not a final judgment); *HSBC Bank USA, N.A. v. Townsend*, 793 F.3d 771, 775 (7th Cir. 2015) (discussing 28 U.S.C. § 1291). Because cause number 3:15-CV-82-RM is still open, the time for filing a notice of appeal has not yet begun to run. Therefore, Boyd has not suffered any injury as a result of being prevented from filing a notice of appeal and these allegations do not state a claim.

Boyd also alleges that on or around July 28, 2016, Olympia Jones read and refused to electronically file a preliminary injunction motion that he wanted to file in cause number 3:16-CV-288-RM, which is also pending in this Court. This may have delayed his ability to seek an injunction, but "a delay becomes an injury only if it results in actual substantial prejudice to specific litigation." *Johnson v. Barczak*, 338 F.3d 771, 773 (2003) (per curiam) (quotation marks omitted). Boyd has not alleged facts from which it can plausibly be inferred that he has suffered any actual, substantial prejudice in cause number 3:16-CV-288-RM. Moreover, he has not plausibily alleged that the preliminary injunction motion was nonfrivolous. Additionally, even construing his motion as alleging a Fourth Amendment violation, as he alleges that Jones read his motion, it does not state a claim because "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell," *Hudson v. Palmer*, 468 U.S. 517, 526 (1984), and documents filed with the court are public records open for anyone to read. Therefore, these allegations do not state a claim.

Finally, Boyd alleges that Olympia Jones gave copies of his unfiled preliminary injunction motion to the defendants in that case. This alone cannot be the basis for a claim because Federal Rule of Civil Procedure 5 requires that all motions be served on the Defendants. However, Boyd

goes further. He alleges that Jones knew or should have known this would place him in grave danger of a physical attack. As a result, he alleges that days later an unnamed correctional officer sexually assaulted him causing "bruised genitals, erectile dysfunction, loss of appetite, loss of weight, nausea and vomiting." (Compl. for Declaratory, Compensatory, and Injunctive Relief 6–7, ECF No. 1.)

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of deliberate indifference to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) (internal citations omitted). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991), *overruled on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal quotation marks and brackets omitted) (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 577 (7th Cir. 1998)). "Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless." *Pierson v. Hartley*, 391 F.3d 898,

902 (7th Cir. 2004) (internal citation omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence alone does not state a claim of deliberate indifference. *See Mathison v. Moats*, 812 F.3d 594, 597 (7th Cir. 2016).

Although Boyd's allegation that Jones "should have known" does not state a claim— overall, these allegations are sufficient to allege that she was deliberately indifferent to his safety when she gave copies of his preliminary injunction motion to the defendants in cause number 3:16-CV-288-RM which allegedly caused an unknown correctional officer to sexually assault him resulting in physical injuries. Therefore, he will be allowed to proceed against her on this one claim.

Boyd seeks both monetary compensation and injunctive relief. Specifically, he wants a preliminary and permanent injunction preventing Jones from inducing guards and inmates to attack him, as well as to prevent the Defendants from restricting his access to the court, including his access to the law library and mailing access, such as e-filing. However, Boyd has not alleged any facts showing a real or immediate threat of future harm. *Knox v. McGinnis*, 998 F.2d 1405, 1413 (7th Cir. 1993). At this time, Boyd has only alleged a single event of abuse by the prison staff, and without more, he lacks standing to pursue injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983) ("That [the plaintiff] may have been illegally choked by the police on October 6, 1976, while presumably affording [the plaintiff] standing to claim damages . . . does nothing to establish a real and immediate threat that he would again be stopped for a traffic violation, or for any other offense, by an officer or officers who would illegally choke him into unconsciousness without any provocation or resistance on his part."). Similarly, although Boyd alleges that Jones has previously interfered with his efforts to file court documents, he has not alleged that this

problem is ongoing. Further, Boyd has not stated that he has experienced any interference with filing documents in this case. The absence of facts showing a real or immediate threat of future harm means that Boyd presently lacks standing to seek injunctive relief. *Lyons*, 461 U.S. at 105. Therefore, Boyd's claims for injunctive relief are denied without prejudice, meaning that Boyd may reassert these claims later in this case should subsequent events provide support for them. Alternatively, if adequate facts to support a preliminary injunction already exist, but were omitted from the Complaint, he may file an amended complaint stating those facts. As Boyd's Complaint is presently pled, he may only proceed for monetary damages.

For these reasons, the Court:

(1) **GRANTS** Shavon Tyvell Boyd leave to proceed on an individual capacity claim for compensatory and punitive damages against Olympia Jones for being deliberately indifferent to his safety when she gave copies of his preliminary injunction motion to the defendants in cause number 3:16-CV-288-RM, which allegedly caused an unknown correctional officer to sexually assault him resulting in physical injuries;

(2) **DISMISSES WITHOUT PREJUDICE** the Plaintiff's claims requesting preliminary and permanent injunctive relief;

(3) **DISMISSES** all other claims;

(4) **DISMISSES** John Schrader and Mark Sevier;

(5) **DIRECTS** the Clerk and the United States Marshals Service to issue and serve process on Olympia Jones with a copy of this Order and the Complaint [ECF No.1] as required by 28 U.S.C. § 1915(d); and

(6) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Olympia Jones respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 18, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT